ACCEPTED
03-15-00553-CR
8241708
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/15/2015 11:56:02 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00553-CR

In the Third Court of Appeals

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/16/2015 9:25:00 AM
JEFFREY D. KYLE
Clerk

## THE STATE OF TEXAS,

### Appellant

### Vs.

## PHILIP DUBORD

### Appellee

On appeal from the County Court at Law Number Three,

Travis County, Texas

Trial Cause Number C-1-CR-12-204755

## APPELLEE'S BRIEF

**WAYNE MEISSNER**
**State Bar Number 13912000**
**FITZGERALD & MEISSNER, P.C.**
**812 San Antonio, Suite 400**
**Austin, Texas  78701**
**(512) 474-4700**
**(512) 474-1606 (FAX)**
**wmeissner@fitzgeraldmeissner.com**

**December 15, 2015**          **ATTORNEY FOR APPELLEE**

## ORAL ARGUMENT IS REQUESTED

## IDENTIFY OF PARTIES AND COUNSEL

The parties to the trial court's order suppressing the prosecution's evidence are the Travis County Attorney on behalf of the State of Texas, and Philip Dubord, Appellee.

The State of Texas was represented by:

David A. Escamilla
Travis County Attorney
P. O. Box 1748
Austin, Texas 78767

Appellee was represented by:

Wayne D. Meissner
812 San Antonio, Suite 400
Austin, Texas 78701

## STATEMENT REGARDING ORAL ARGUMENT

The threshold issue in the hearing on the Motion to Suppress before Honorable Michael McCormick was whether the arresting Austin Police Officer presented a credible claim of objective probable cause to finally effect an arrest based on a purported sighting of lane change violations after continuing to follow Mr. Dubord for another than (10) minutes and approximately six (6) more miles. Judge McCormick concluded that the testimony was not sufficiently credible to establish objective probable cause for the arrest and granted the Motion to Suppress.

Because of the contrasting views of the Findings of Fact and Conclusion of Law between the State and Defendant which may not be adequately addressed in our briefs, Defendant requests the opportunity to present oral argument.

# TABLE OF CONTENTS

IDENTIFY OF PARTIES AND COUNSEL…………………………………i

STATEMENT REGARDING ORAL ARGUMENT…………….………..i

BACKGROUND……………………………………...……………...1

ISSUE PRESENTED………………………………….………………1

SUMMARY OF APPELLEE'S ARGUMENT…………………….………2

STATEMENT OF THE CASE…………………………………….………2

ARGUMENT

    *Response to Point of Error*:  The trial court did not abuse
    its discretion in granting Appellee's Motion to Suppress
    Evidence for lack of adequate objective probable cause...…………………3

PRAYER………………………………………………………..5

CERTIFICATE OF COMPLIANCE………………...…………………5

CERTIFICATE OF SERVICE…………………………...………………6

## BACKGROUND

1. Judge McCormick agreed that the State wholly failed to meet their burden of proof that <u>any</u> <u>claimed</u> traffic violations occurred anywhere during the six (6) mile extended experience.

It is apparent that, based on Officer's Johnson failure to act, his apparent confusion concerning locations, and inconsistent testimony, Judge McCormick applied the law to these facts and concluded the State's evidence was not credible and therefore the arrest of Mr. Dubord was not made with objective adequate probable cause.

## Issue Presented

Shouldn't this Appellate Court grant "almost total deference" to Hon. Michael McCormick' Findings of Fact and Conclusion of Law by agreeing that he did not abuse the Court's broad discretion in ruling that an extended six (6) mile and over ten (10) minute follow failed to establish objective adequate probable cause for an arrest of Appellee, because the Court did not accept the credibility of Officer Johnson that any claimed traffic violation occurred?

## Summary of Appellee's Argument

Contrary to the State's apparent misinterpretation of Judge McCormick's Conclusion of Law, his honor nowhere states that he <u>actually</u> believed Mr. Dubord committed any traffic violation because his honor disbelieved the "…claim that he stopped the defendant for lane change violations on Sixth Street."

The Court's ruling accepts that a follow for ten (10) minutes over six (6) miles when there are no impediments to law enforcement functions, and no finding of credible evidence of intervening violations does not support the State's burden of proving objective adequate probable cause for the arrest in this case.

## STATEMENT OF THE CASE

Mr. Philip Dubord was arrested in Austin, Texas on March 23, 2012 and charged by a complaint based on a Probable Cause Affidavit dictated by Austin Police Officer Adam Johnson with the misdemeanor offense of Driving While Intoxicated.

Hon. Michael McCormick Granted Defendant's Motion to Suppress the Arrest after entering Findings of Fact that did not support the State's burden of proof, and a Conclusion of Law that a claim of traffic violations was not credible, and the arrest was without objective probable cause.

# ARGUMENT

*Response to Point of Error*:  The trial court did not abuse
its discretion in granting Appellee's Motion to Suppress
Evidence for lack of adequate objective probable cause.

The State prosecutor really cannot have it both ways in attacking Judge McCormick's ruling:  1.  On Page 1 of their Brief, in the Background section, the State claims "…the pretrial hearing's only issue was the initial detention's legality; the defense never litigated the arrest's reasonableness."  Then on Page 4 of their Brief, in the Argument section the State declares, "…the parties litigated only the investigative detention's reasonableness."

Unlike the State's effort to devine what Judge McCormick "…meant to conclude…", Appellee accepts and urges this Court to agree, that Judge McCormick's Order rejects the State's evidence of objective probable cause for the arrest as not being sufficiently credible, and to grant "almost total deference" to Judge McCormick' Findings and Conclusion.

Again, unlike the State's wishful thinking on Page 6 of their Brief restating Judge McCormick's Conclusion of Law, Judge McCormick nowhere states that he believed Officer Johnson's claim, and clearly since Officer Johnson followed Appellee for six (6) miles before taking any law enforcement action, it appears that Judge McCormick did not believe any of the alleged intervening acts of misconduct had occurred, and so he made no findings thereon.

It was particularly disingenuous of the State to try to apologize for, or explain, its failure to comply with the Michael Morton Act in not producing Officer Johnson's dash cam video. It is very likely it does not exist! Officer Johnson suggested complete surprise that the County Attorney's Office did not have his video, that he knows he activated it in following Appellee because he <u>always</u> religiously engages his cam and it must have been misplaced in transition between use of tapes and discs. The sad aspect of this charade was the plain fact that the State had previously complied with discovery requests in producing the follow-up Officer Anthony Martin's dash cam digital video. There was no Officer Johnson supplemental offense report reference to a numbered and filed for evidence video, either video tape or digital disc, and to this day none has been produced.

Clearly, this revelation was of help in Judge McCormick's Conclusion of "diminished credibility," applying the age old school teacher admonition that, if you don't show your work, it didn't happen.

Although the State succeeded in having Officer Johnson testify that he took law enforcement action based on the "totality of the circumstances" and not on "reasonable suspicion", because of Officer Johnson's confusion concerning events, locations, distances, missed opportunities to act, and the absence of any video, Judge McCormick simply and rightly concluded that Officer Johnson's claim of objective probable cause was not credible.

4

## PRAYER

Because the Hon. Michael McCormick's Findings of Fact and Conclusion of Law should be accorded "almost total deference", Appellee begs this Court to agree that Judge McCormick did not abuse his discretion and to Affirm the trial court's Order Granting the Motion to Suppress.

Respectfully submitted,

FITZGERALD & MEISSNER, P.C.
812 San Antonio, Suite 400
Austin, Texas 78701
(512) 474-4700
(512) 474-1606 (FAX)

By: _Wayne Meissner_
Wayne Meissner
State Bar No. 13912000
wmeissner@fitzgeraldmeissner.com

## CERTIFICATE OF COMPLIANCE

Relying on Microsoft Word's word-count function, I certify that this document complies with the word-count limitations of Tex. R. App. P. 9.4. The document, counting all of its parts, contains 679 words.

_Wayne Meissner_
Wayne Meissner

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this Appellee's brief via electronic transmission, to the Travis County Attorney's Office, ATTN: Giselle Horton at TCAppellate@traviscountytx.gov on 15th day of December, 2015.

_Wayne Meissner_
Wayne Meissner